UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-1297

STEPHEN D. BLACK, an individual and Colorado resident,

    Plaintiff,

vs.

SPROUTS FARMERS MARKET, INC., fka SPROUTS FARMERS MARKET, LLC, a Delaware corporation,

    Defendant.

---

# NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, 1446 (DIVERSITY JURISDICTION)

---

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant SPROUTS FARMERS MARKET, INC. fka Sprouts Farmers Market, LLC ("Defendant" or "Sprouts") hereby provides notice pursuant to 28 U.S.C. §§ 1441 and 1446 that it has removed an action pending in the District Court of Colorado for the County of Boulder, Case No. 15CV30621. The following is a short and plain statement of the grounds for removal and a listing of pleadings to date:

940746.1

## I. FACTUAL BACKGROUND

### A. The Parties

1. Defendant Sprouts Farmers Market, Inc. ("Defendant" or "Sprouts") is a Delaware Corporation with its principal place of business in Phoenix, Arizona. *See* Complaint ¶ 2; *see also* Declaration of Todd R. Wulffson, ¶ 3 ("Wulffson Decl.").

2. Plaintiff Stephen D. Black ("Plaintiff") was employed by Sprouts as its Chief Information & Marketing Officer from November 9, 2009 to December 29, 2014. *See* Complaint ¶ 18. On or about December 29, 2014, Plaintiff resigned his employment with Sprouts in order to accept a position with Lucky's Market ("Lucky's"). *See* Complaint ¶ 36.

### B. The Stock Option Plans:

3. In connection with Plaintiff's employment with Sprouts, Sprouts granted Plaintiff stock options pursuant to two separate stock option plans, the 2011 Option Plan and the 2013 Incentive Plan (collectively, the "Plans".) *See* Complaint ¶¶ 23-31, Exhs. "A" and "B", respectively.

### C. Procedural History

4. On or about May 29, 2015, Plaintiff filed a Complaint for Damages against Defendant in the District Court of Colorado for the County of Boulder. *See* Complaint.

5. On May 29, 2015 Defendant was served with the Summons and the Complaint. *See* Wulffson Decl., ¶ 7.

6. The Complaint alleges two causes of action for: (1) Declaratory Judgment; and (2) Breach of Contract. Plaintiff seeks damages in relation to an alleged 22,917 in vested options with a strike price of $3.78 per share and an alleged 5,500 in vested options at a strike price of

940746.1

$18.00 per share granted under the Plans. *See* Complaint, ¶¶ 47-59.

7. This Notice of Removal is timely because it is being filed within thirty days of Defendant's receipt of the Summons and Complaint on May 29, 2015, and within one year of the commencement of the State Court Action. 28 U.S.C. § 1446(b). The documents attached to the Declaration of Todd R. Wulffson as Exhibit "A" constitute all process, pleadings, and orders received by, served on, or filed by Defendant in the State Court Action. *See* Wulffson Decl., ¶ 7.

## II. DIVERSITY JURISDICTION: CITIZENS OF DIFFERENT STATES

8. The State Court Action is removable pursuant to 28 U.S.C. § 1332. Specifically, this Court has diversity jurisdiction based upon the fact that this action is between citizens of two different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a)(1), 1441(a). Complete diversity of citizenship existed, and continues to exist, between the Plaintiff and Defendant both at the time the Complaint was filed and as of the date of this removal.

### A. Plaintiff Is A Citizen Of Colorado

9. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 835, 857-58 (2001). "A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return." *Id.* (internal citations omitted). A party's residence is *prima facie* evidence of his domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). At the time that this state court action was filed, and at the time of this removal, Plaintiff was, and still is, a citizen of the State of Colorado and the United States of America. *See* Complaint ¶ 1.

940746.1

### B.   Defendant Is Not A Citizen Of Colorado

10.   Defendant was, at the time of the filing of the State Court Action, and still is, **not** a citizen of Colorado within the meaning of 28 U.S.C. § 1332(c)(1). Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. 1332(c). The United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192 (2010), held that a corporation's "principal place of business" for determining its citizenship is the corporation's "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination,** *i.e.*, **the "nerve center"**.
> . . .

*Id.* at 1192 (emphasis added).

11.   Defendant was, at the time of the filing of the State Court Action, and still is, a Corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arizona. *See* Complaint ¶ 2, Wulffson Decl ¶ 3. Pursuant to *Hertz Corp.*, Defendant's principal place of business is Phoenix, Arizona because its "nerve center" is located in the State of Arizona. Specifically, Defendant's headquarters are located in the State of Arizona and the majority of its executive and administrative functions take place in Arizona. *Id.* at ¶ 5. Defendant's high-level management team is based in Arizona, and Defendant conducts its business from its Arizona headquarters. *Id* at ¶ 6. Further, the majority

of Defendant's domestic administrative functions, including payroll, accounting, purchasing, marketing, and information systems take place in Arizona. *Id.* Therefore, Defendant is a citizen of the State of Arizona pursuant to the "nerve center" test and the State of Delaware pursuant to its incorporation.

### III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

12. The appropriate measure of the amount in controversy in a case removed on diversity grounds is the litigation value of the case, assuming that the allegations of the complaint are true and that a jury returns a verdict for the plaintiff on all claims in the complaint. *Jackson v. American Bankers Ins. Co. of Fla.*, 976 F.Supp. 1450, 1454 (S.D. Ala. 1997); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"); *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy to be determined upon analysis of claims made in complaint and potential recovery of punitive damages award and statutory or contractual attorneys' fees); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (amount in controversy includes potential recovery of attorneys' fees which assumes that plaintiff prevails on underlying claims).

13. Plaintiff's demand for judgment does not specify the amount of damages sought. However, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. See *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403

(9th Cir. 1996) ("defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount"). Here, each of Plaintiff's claims place far more than $75,000 in controversy.

14. On its face, the Complaint seeks damages related to "22,917 vested options under the 2012 Grant with a strike price of $3.78 per share, and 5,500 vested options pursuant to the 2013 Grant at a strike price of $18.00 per share," pursuant to the Plans. *See* Complaint ¶ 35. Sprouts' stock is publicly traded on the NASDAQ. *See* Wulffson Decl., ¶ 8. The NASDAQ Official Close Price for Sprouts' stock on June 17, 2015 was $27.87 per share. *Id.* Accordingly, as of the date of the filing of this removal, Plaintiff's alleged stock options are arguably worth approximately $606,355.00.

15. For all of the reasons set forth above, the Court properly has jurisdiction over Plaintiff's claims for declaratory judgment and breach of contract pursuant to 28 U.S.C. § 1332(a).

## IV. <u>VENUE</u>

16. This Court is the United States District Court for the district within which the State Court Action is pending. Thus, venue lies in this Court pursuant to 28 U.S.C. § 1441(a). However, Defendant will be filing a motion for change of venue, as Defendant contends that venue is proper in the United States District Courts of New York pursuant to the venue provision contained in the Plans.

17. Based on the forgoing, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Accordingly, Defendant may remove this action to a federal district court pursuant to the provisions of 28 U.S.C. § 1441(b).

940746.1

18. Defendant will promptly serve its Notice to Plaintiff of Removal to Federal Court and will promptly file that Notice with the District Court, Boulder County, Colorado.

WHEREFORE, Defendant removes the original action brought by Plaintiff, which now is pending in the District Court, Boulder County, Colorado, to this Court.

Dated: June 18, 2015

/s/ *Todd R. Wulffson*
Todd R. Wulffson, SBN 150377
CAROTHERS DiSANTE & FREUDENBERGER LLP
2600 Michelson Drive, Suite 800
Irvine, California 92612
Telephone: (949) 622-1661
Fax: (949) 622-1669
Email: twulffson@cdflaborlaw.com
Attorney for Defendant Sprouts Farmers Market, Inc., fka Sprouts Farmers Market, LLC, a Delaware corporation

940746.1

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 2600 Michelson Drive, Suite 800, Irvine, California 92612. On June 18, 2015, I served upon the interested party(ies) in this action the following document described as: **NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, 1446 (DIVERSITY JURISDICTION)**

By placing a true copy thereof enclosed in sealed envelope(s) addressed as stated below: for processing by the following method:

Giovanni M. Ruscitti
Berg Hill Greenleaf Ruscitti LLP
1712 Pearl Street
Boulder, CO

Telephone: (303) 402-1600
Fax: (303) 402-1601
E-MAIL: gmr@bhgrlaw.com

[X]  By placing such envelope(s) designated by the appropriate express service carrier with delivery fees prepaid or otherwise provided for into Carothers DiSante & Freudenberger LLP's interoffice mail for collection and express delivery pursuant to ordinary business practice. I am familiar with the office practice of Carothers DiSante & Freudenberger LLP for collecting and processing express deliveries, which practice is that when express deliveries are deposited with the Carothers DiSante & Freudenberger LLP personnel responsible for handling express deliveries, such mail is deposited that same day in a box or other facsimile regularly maintained by Federal Express or other like facility regularly maintained for overnight delivery.

940746.1

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 18, 2015, at Irvine, California.

I declare under penalty of perjury that the foregoing is true and correct.

| Janis Felde | |
|---|---|
| (Type or print name) | (Signature) |